IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| **Sheree Hoskins,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO. |
| **v.** | ) _____ |
| | ) |
| **General Motors, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

Defendant General Motors LLC ("GM LLC" or "Defendant") hereby gives notice of the removal of the above-styled action to the United States District Court for the Eastern District of Tennessee, Northern Division. Removal is proper under 28 U.S.C. § 1441 because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Pursuant to 28 § U.S.C. 1446(a), copies of all the process, pleadings, and orders served upon Defendant is attached hereto as **Exhibit A**. Copies of the Circuit Court's entire file, as of January 22, 2019, are attached as **Exhibit B**.

As grounds for removal, GM LLC states as follows:

1. Plaintiff Sheree Hoskins ("Plaintiff") initiated this action on December 12, 2016, by filing her Complaint in the Circuit Court of Knox County, Tennessee for the Sixth Judicial District at Knoxville, Case No. 1-438-18.

2. According to the Complaint, Plaintiff sustained serious and severe injuries, when Plaintiff, operating a 2008 Saturn Astra, allegedly struck another driver in a head-on collision, which caused Plaintiff's airbag to deploy. Complaint, ¶ 50-51. Plaintiff further alleges that the

vehicle was not crashworthy, causing her to sustain injury and asserts causes of action under the Tennessee Products Liability Act of 1978 ("T.P.L.A."). *Id.* ¶ 54.

3. Based on these allegations, Plaintiff asserts claims against GM LLC for strict liability, negligence, breach of warranty, and failure to warn. *Id.* ¶¶ 55-87. Plaintiff seeks recovery for "severe and serious injuries" and "substantial damages," "including but not limited to damages for pain and suffering, loss of financial support, lost wages," and "medical expenses," as well as punitive damages. *Id.* ¶¶ 88-90.

## GROUNDS FOR REMOVAL

4. This removal is based on diversity of citizenship. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). "A federal court has original subject matter jurisdiction over two types of actions: (1) those actions raising a federal question . . . . and (2) those actions where there is diversity of citizenship and an amount in controversy greater than $75,000, excluding costs and fees." *Gaynor v. Miller*, 205 F. Supp. 3d 935, 938 (E.D. Tenn. 2016). *See also Loss Mountain Homeowners Ass'n, Inc. v. Rice*, 248 Fed. App'x. 114, 115 (11th Cir. 2007) ("Original jurisdiction requires diversity of the parties or the existence of a federal question.").

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## THE PARTIES ARE COMPLETELY DIVERSE

6. At all relevant times, including the time of filing the Complaint and the time of removal, Plaintiff was and is a resident and citizen of the State of Tennessee. Complaint, ¶ 1.

7. At all relevant times, including the time of filing the Complaint and the time of removal, GM LLC was and is a Delaware limited liability company with its principal place of business in Michigan. GM LLC is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan. Thus, GM LLC is a citizen of Michigan and Delaware. See *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) (citizenship of a LLC is determined by the citizenship of all of its members).

8. Accordingly, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

9. The Supreme Court of the United States has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 549 (2014).

10. Here, the Plaintiff seeks an unspecified amount in compensatory damages but alleges she sustained "serious and severe injuries." Complaint, ¶ 89. As a result, Plaintiff claims "substantial damages" under the T.P.L.A., "including but not limited to damages for pain and suffering, loss of financial support, lost wages and . . . medical expenses." Complaint, ¶ 89.

11. The Tennessee Electronic Traffic Crash Report from the subject accident, attached as **Exhibit C**, similarly shows that Plaintiff sustained a suspected serious injury and that Plaintiff was transported by emergency medical services to the University of Tennessee Medical Center following the subject accident. Ex. C., page 2.

12. Upon information and belief, based on GM LLC's initial investigation, Plaintiff is claiming several serious injuries, including a traumatic brain injury, blunt cardiac injury, and fractures to her sternum, ribs, right patella, right radius, and left clavicle. Upon information and belief, Plaintiff has undergone surgery on both of her legs, her right arm, and cervical spine as a result of the subject vehicle allegedly not being crashworthy and is still undergoing treatment. The number and type of injuries Plaintiff claims compels the conclusion that the monetary value of her claimed medical expenses and pain and suffering will exceed $75,000.

13. Because this Complaint alleges serious and substantial injuries and seeks a long list of different categories of damages, including punitive damages, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. *See Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (amount in controversy must be shown to exceed $75,000 by preponderance of the evidence); *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 480 (6th Cir. 2014) (punitive damages allegations taken into consideration when determining amount in controversy); *Brewer v. Schindler Elevator Corp.*, No. 16-13133, 2017 WL 676942, at *2 (E.D. Mich. Feb. 21, 2017) (amount-in-controversy requirement met where plaintiff sought several categories of damages, inducing pain and suffering, medical expenses, and loss of earnings); *Pendergrass v. Time Ins. Co,* 2010 WL 989154 (W.D. Ky. Mar. 12, 2012) at *1–3 (amount-in-controversy requirement met where injured plaintiff sought several categories of damages, including punitive damages); *Christner v. Wal-Mart Stores,* 2010 WL 2597440 (E.D. Mich.

June 24, 2010) at *2 (amount-in-controversy requirement met where one plaintiff alleged serious and permanent back injuries, damages for pain and suffering, lost earnings and earning capacity, and medical expenses). *See also Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.999, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court").

14. Plaintiff demands for punitive damages against GM LLC for its acts and omissions that demonstrate "intentional, fraudulent, malicious recklessness or willful misconduct and/or an entire want of care . . ." "to deter such conduct in the future" and "to punish [GM LLC] to make a public example of them." Complaint, ¶ 90. Plaintiff's demand for punitive damages must be considered in determining the amount in controversy. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007). In light of Plaintiff's claimed injuries and list of damages, Plaintiff's demand for punitive damages should also be valued in excess of $75,000.

15. Because the Complaint alleges "serious and severe" injuries, seeks a significant number of types of special damages, and seeks punitive damages from GM LLC, it is facially apparent from the Complaint that the requisite amount in controversy is satisfied.

## REMOVAL IS TIMELY AND PROPER

16. Pursuant to 28 U.S.C. §1446(b)(1), a notice of removal is to be filed within 30 days after the receipt by the defendant of a copy of the initial pleading.

17. GM LLC was served with a summons and copy of the Complaint on December 26, 2018. Therefore, this Notice of Removal is timely pursuant to §§ 1446(b)(1) and 1446(b)(2)(B).

18. GM LLC, the removing party, is the only defendant in this matter. Accordingly, no further consent is necessary for removal and the unanimity of consent requirement of 28 U.S.C. § 1446(b)(2)(A) is not applicable.

19. This Court is the proper venue for removal because the United States District Court for the Eastern District of Tennessee embraces the geographic area of the Circuit Court of Knox County, Tennessee for the Sixth Judicial District at Knoxville where the action was filed. *See* 28 U.S.C. §§ 123(a)(1); 1441(a).

20. A copy of this Notice of Removal is being served on Plaintiff and a copy of the Notice of Removal, along with the Notice of Filing of Notice of Removal, will be filed with the Clerk of the Circuit Court of Knox County, Tennessee for the Sixth Judicial District at Knoxville as required by 28 U.S.C. § 1446(d).

21. GM LLC reserves the right to amend or supplement this Notice of Removal.

22. By filing this Notice of Removal, GM LLC does not waive its right to assert any defenses and/or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

23. If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

*/s/ Sanford G. Hooper*
One of the Attorneys for Defendant General Motors LLC

OF COUNSEL:
Sanford G. Hooper (BPR No. 029692)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2019, I served a copy of the foregoing via the Court's CM/ECF system or the United States Postal Service, postage prepaid, on the following counsel of record:

>Patrick M. Ardis (TN Bar # 8263)
>Geoffrey Gaia (TN Bar #17364)
>Danny Parish (TN Bar #27452)
>WOLFF ARDIS, P.C.
>5810 Shelby Oaks Drive
>Memphis, TN 38134
>Telephone (901) 763-3336
>Facsimile (901) 763-3376
>E-mail pardis@wolffardis.com
>　　　ggaia@wolffardis.com
>
>*Attorneys for Plaintiff*

>　　　*/s/ Sanford G. Hooper*
>　　　Of Counsel