

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 482-C22-SOP 300 Renaissance CTR<br>300 Renaissance Center<br>Detroit, MI 48265-0001 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | Hoskins, Sheree vs. General Motors LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Knox County Circuit Court, TN |
| **Case/Reference No:** | 1-438-18 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 12/26/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Wolff Ardis PC (Memphis TN)<br>901-763-3336 |
| **Client Requested Information:** | Year: 2008<br>Make: Saturn<br>Model: Astra<br>VIN: W08AR671585079474 |

| | |
|---|---|
| **Notes:** | Wolff Ardis PC<br>5810 Shelby Oaks Drive<br>Memphis TN 38134<br><br>CSC Location document was served: Corporation Service Company 2908 Poston Ave Nashville, TN 37203 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# WOLFF ARDIS, P.C.

### ATTORNEYS AT LAW

(901) 763-3336
FAX (901) 763-3376
www.wolffardis.com

5810 SHELBY OAKS DRIVE
MEMPHIS, TENNESSEE 38134

**Mary Lee Wolff**
January 4, 1950 – December 24, 2015

ggaia@wolffardis.com

December 20, 2018

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

General Motors, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN  37203

   Re: Sheree Hoskins v. General Motors, LLC
     Knox County Circuit Court Docket No. 1-438-18 (Tennessee)

Dear Sir/Madam:

   Please be advised that I represent Sheree Hoskins in the above-referenced matter. Enclosed please find a Summons and Complaint filed in the case of Sheree Hoskins v. General Motors, in the Knox County Circuit Court under Docket No. 1-438-18. This is provided to you via certified mail, return receipt requested, to accomplish service of process.

   Please do not hesitate to contact me as attorney for the Plaintiff, or please have your attorney contact me if you are represented by counsel, at the address and phone number shown above should you have any questions in this regard.

        Sincerely,

        WOLFF ARDIS, P.C.

        BY: _____
           Geoffrey Gaia

GGG:jbh

Enclosures

# STATE OF TENNESSEE
## THE CIRCUIT COURT FOR KNOX COUNTY

### SUMMONS

FILED
CHARLES D. SUSANO III
CLERK
2018 DEC 12 PH 2: 51
KNOX COUNTY CIRCUIT
CIVIL SESSIONS
AND JUVENILE COURT

SHEREE HOSKINS,  _____ PLAINTIFF )

VS.

CIVIL ACTION NO. _142138-18__

GENERAL MOTORS, LLC _____ DEFENDANT )

To the above named defendant (s):

    You are hereby summoned and required to serve upon ___Geoffrey Gaia,___ ___WOLFF ARDIS, P.C.___, plaintiff / plaintiff's attorney, whose address is ___5810 Shelby Oaks Drive, Memphis, TN, 38134___, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

    Issued and attested this the __12__ day of __December__, __2018__.

                                    Charles D. Susano III, Clerk

                                    Deputy Clerk

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

### NOTICE

To the defendant (s):

    Tennessee law provides a Ten Thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek counsel of a lawyer.

**SERVICE INFORMATION**

To the process server:

Defendant General Motors, LLC _____ can be served at:

Please serve through Registered Agent for Service of Process (via certified mail, return receipt requested):
Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

**RETURN**

I received this summons on the _____ day of _____, _____.

I hereby certify and return that on the _____ day of _____, _____. I:

[ ] served this summons and complaint on the defendant _____ in the following manner:

_____.

[ ] failed to serve this summons within 30 days after its issuance because:

_____

_____.


_____
Process Server (Required to be filled out by Process Server)

Name (please print): _____

Address: _____

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial proceeding, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator (www.tncourts.gov)

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> ADA Compliance Officer
> Knox County Human Resources Office
> Suite 360, City-County Building
> 400 Main Street, Knoxville, Tennessee 37902
> Voice Phone: (865) 215-2952      TTY: (865) 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

> ADACoordinator
> State Judicial ADA Program
> Administrative Office of the Courts
> Nashville City Center
> Suite 600, 511 Union Street
> Nashville, Tennessee 37219
> Telephone (615) 741-2687      FAX: (615)741-6285

The Tennessee Judicial Branch's Americans with Disabilities Act Policy regarding access to judicial program, as well as a Request for Modification form may be found online at www.tncourts.gov.

IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE
FOR THE SIXTH JUDICIAL DISTRICT AT KNOXVILLE

| | |
|---|---|
| **SHEREE HOSKINS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) No. 1-438-18 |
| | ) |
| **GENERAL MOTORS, LLC,** | ) **JURY DEMANDED** |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Comes now the Plaintiff, Sheree Hoskins, and hereby files her Complaint and states her causes of action against Defendant, General Motors, LLC, as follows:

### PARTIES, JURISDICTION AND VENUE

1.     Sheree Hoskins is a resident of the State of Tennessee living in the County of Knox.

2.     Defendant General Motors LLC (hereinafter referred to as "GM LLC") is a Delaware limited liability company with its primary office in Detroit, Michigan. GM LLC is domiciled in a state other than Tennessee but is authorized to conduct business in Tennessee, conducts business in Tennessee and derives substantial economic profits from Tennessee. GM LLC is subject to personal jurisdiction in this state. GM LLC may be served through its registered agent for service of process, Corporation Service Company at 2908 Poston Avenue, Nashville, TN 37203.

1

3.     In 2009, GM LLC acquired substantially all of the assets of Motor Liquidation Company (formerly General Motors Corporation), and assumed certain liabilities of the former General Motors Corporation, including liability for the claims asserted in this action. (GM LLC and General Motors Corporation are hereinafter collectively referred to as "GM.") GM may be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee, 37203-1312.

3.     GM has insured risks in Tennessee. GM has sued or been sued in Tennessee state courts on numerous occasions. GM has been involved in litigation in Tennessee on dozens if not hundreds of occasions where it has not contested personal jurisdiction and where it has consented to be sued. Employees, officers and/or directors of GM have visited, conducted business, and/or worked in Tennessee. There has never been a time in the past 50 years where GM did not sell, distribute, or market their vehicles in Tennessee.

4.     GM has a national dealership network which includes many dealerships in Tennessee who market and sell new GM products, service GM products, honor GM warranties, and carry out necessary vehicle recall work which GM requires.

5.     A significant segment of GM's gross income for sales, service, and repair work is derived from the activities of their dealership network in Tennessee.

6.     GM also continuously monitors their vehicles, such as looking at customer complaints or feedback from distributors and dealers, including many in Tennessee.

7.     GM keeps records of how many vehicles are shipped to each state and how much revenue is generated from each state, including Tennessee.

8.     GM maintains multiple offices in Tennessee.

2

9. GM has subsidiaries and business affiliates in Tennessee.

10. GM has employees and agents in Tennessee.

11. GM keeps records of the revenue that it derives from Tennessee.

12. Numerous corporate representatives, agents, and/or employees have visited Tennessee for business purposes on occasion.

13. GM has a wholly owned subsidiary (GM Financial d/b/a Americredit Financial Services, Inc., herein "GM Financial") that GM exercises control over which makes use of the Tennessee court system as a plaintiff against Tennessee residents.

14. GM's wholly owned subsidiary (GM Financial) is registered to do business in Tennessee and has a registered agent for service of legal process in Tennessee.

15. GM Financial is a for-profit entity that pays taxes in Tennessee and provides financing for GM dealerships and the purchasers of GM products in Tennessee.

16. GM has been a party to numerous cases where it has come into courts in Tennessee to answer claims about the failure of GM products in Tennessee.

17. GM has been a party seeking relief or review in numerous cases where it has purposefully availed itself of the jurisdiction of the court of Tennessee by serving as the petitioner, appellant, or removing party in such actions.

18. GM spends untold thousands of dollars per year marketing their products in Tennessee and/or to Tennessee residents.

19. GM designs, manufactures, tests, assembles, sells, distributes, and places GM products and their component parts into the stream of commerce, such as the Subject Vehicle involved in the incident made the basis of this lawsuit. Thousands upon thousands of the subject

3

vehicle model have been provided by GM directly to GM dealerships in Tennessee and GM consumers. The subject vehicle model has been marketed directly to Tennessee consumers.

20.     Advertisement and marketing materials were and are targeted to Tennessee residents to entice them to purchase GM products and services, including the subject model vehicle.

21.     GM has spent millions of dollars advertising and marketing their products in Tennessee and directly to Tennessee residents for years, whether in the form of television advertisements, magazine advertisements, newspaper advertisements, internet advertisements, or other forms of advertising and/or marketing.

22.     GM has an active website accessible in Tennessee where GM engages in the direct sale of GM products from this website.

23.     GM's website has numerous interactive features. GM's web page is www.gm.com. GM's logo is prominent at the top of the web page. GM's copyrighted website home page has active features such as a link which Tennessee consumers can click to access a page where they can exchange information and directly purchase officially licensed GM merchandise. GM's web page also has a pull down menu tab which allows Tennessee residents to find an authorized dealer nearby. This web page solicits Tennessee consumers to exchange information about their home address and the year, make, and model of their GM vehicle to directly purchase official GM automotive parts tailored to their specific GM vehicle so they can have those parts shipped directly to their home address in Tennessee.

4

24. GM has a regular plan for the distribution of its new and used products within Tennessee with the goal of achieving commercial benefits from the sale of those products in Tennessee.

25. GM places its products into the stream of commerce by targeting Tennessee residents through dozens of approved GM dealerships in many cities and towns in Tennessee.

26. GM has contracts with its GM dealerships in Tennessee where GM contractually promises to come into courts in Tennessee to defend claims about the failure of GM products that injure Tennessee residents.

27. GM requires that its Tennessee dealerships advertise within Tennessee, and GM shares in the cost of these Tennessee advertisements for GM products.

28. GM jointly participates in the interactive websites of the GM dealerships located in Tennessee.

29. GM certifies mechanics who work at the GM dealerships in Tennessee.

30. GM provides certification training for mechanics who work at the GM dealerships at multiple locations in Tennessee.

31. GM oversees aspects of its product warranty process from within Tennessee.

32. GM sends technical service bulletins regarding work procedures related to the subject vehicle into Tennessee.

33. GM sends recall notices related to safety defects in the subject vehicle into Tennessee.

5

34.     GM directs Tennessee consumers to approved GM services centers to have recall work performed on the subject model vehicle initially sold into various states but located in Tennessee.

35.     GM gathers data about its vehicle performance in Tennessee and uses that data in the redesign of its products.

36.     GM holds patents and trademarks which it demands must be honored in Tennessee.

37.     GM further manufactures its products and its vehicles to comply with the Federal Motor Vehicle Safety Standards (FMVSS) and it routinely corresponds and works with the National Highway Traffic Safety Administration (NHTSA) on recalls and other issues, including recalls or fixes to problems for vehicles owned and used by Tennessee residents.

38.     GM is personally subject to specific jurisdiction in this Court because GM is subject to the Tennessee long-arm statute by doing business in Tennessee, by contracting with Tennessee residents, by performing such contracts in part in Tennessee, by committing torts where one or more elements of the tort or one or more elements of the tortious acts occurred in Tennessee, and by recruiting Tennessee residents for employment.

39.     GM has purposefully availed itself of the forum of Tennessee by directing its activities in Tennessee to Tennessee residents as detailed above. GM's contacts with Tennessee principally relate to the sale of vehicles and all of the conduct associated with such vehicle sales and this civil action is related to and connected with the sale of a vehicle, because due process and fair play and substantial justice are honored by this civil action going forward in this Tennessee Court.

6

40. There is little or no burden on GM litigating this case in this Tennessee Court. In contrast, it would be a tremendous burden and great inefficiency and unnecessary delay imposed on the Plaintiff to litigate this case in another forum because Tennessee has an interest in overseeing this litigation which involves injuries to persons in Tennessee and defective products used in Tennessee.

41. The efficient resolution of this civil action can only go forward in Tennessee, and public policy favors resolution of this dispute in this Tennessee Court.

42. GM cannot deny personal jurisdiction because GM placed the subject vehicle into the stream of commerce under circumstances such that GM should reasonably anticipate being haled into court in Tennessee.

43. GM is in the business of the manufacture of vehicles, including the vehicle which caused the injuries complained of herein. It also derives substantial profit from the sale of vehicles and products in Tennessee. GM in no way, shape, or form ever restricted the vehicle which caused these injuries from being distributed, sold, or used in Tennessee. GM has purposefully availed itself of the privilege and benefits of conducting activities within Tennessee.

44. Accordingly, GM is therefore subject to be sued in Tennessee Courts, and exercise of personal jurisdiction pursuant to Tennessee's long-arm statute is, among other things, consistent with due process because the GM Defendants have purposefully availed themselves of the privilege of doing business in Tennessee. The Subject Vehicle was originally sold in Tennessee.

7

45.     The incident giving rise to this lawsuit occurred in Knox County, Tennessee and thus there is a specific connection between the forum and specific incident at issue. This Court has personal jurisdiction over GM pursuant to Tenn. Code Ann. § 20-2-201(a).

46.     The jurisdiction of this Court is proper because the amount in controversy exceeds $25,000, exclusive of fees and costs, no federal question is involved and diversity is not complete.

47.     Venue is proper pursuant to Tenn. Code Ann. § 20-4-106.

## FACTS

48.     At all times relevant hereto, Plaintiff, Sheree Hoskins, was the owner of a 2008 Saturn Astra XE, VIN W08AR671585079474 (herein "Subject Vehicle").

49.     The Subject Vehicle was designed, engineered, manufactured, tested, and marketed by GM.

50.     On December 16, 2017, at approximately 3:38 p.m., Sheree Hoskins was driving the Subject Vehicle northbound Lovell Road in Knox County, Tennessee and was involved in a head-on collision with another vehicle.

51.     The driver's frontal air bag deployed but failed during the accident sequence as the fabric of the airbag tore, causing a release of pressure resulting in Ms. Hoskins striking the steering wheel and interior of the Subject Vehicle causing serious and severe injuries.

52.     Immediately prior to this accident, the Subject Vehicle was in substantially the same condition as when it left the control of the Defendant GM and had not been materially altered, modified or damaged prior to the accident.

8

53. At the time of the accident, Sheree Hoskins was using the Subject Vehicle as intended and in a manner reasonably foreseeable by the Defendants.

54. As a direct and proximate result of the Defendant GM's conduct, Sheree Hoskins sustained serious and severe injuries. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT I - STRICT LIABILITY – GM

55. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

56. GM designed, manufactured, supplied, warranted, sold and placed on the market and into the stream of commerce a defective and unreasonably dangerous product, namely Subject Vehicle, knowing that the Subject Vehicle would reach consumers without substantial change in the condition in which it was sold and that, at the time the Subject Vehicle left GM's control, it was defective and in an unreasonably dangerous condition when put to a reasonable and foreseeable use.

57. Prior to, and at the time of the accident on December 16, 2017, the Subject Vehicle was in substantially the same condition as when it left the control of GM.

9

58.     The Subject Vehicle's restraint system, including but not limited to its driver's side

frontal air bag system, was defective and unreasonably dangerous because it failed to protect the

driver during a foreseeable accident sequence.

59.     GM knowingly failed to adequately test the Subject Vehicle before and during the

design, production, and sale of the vehicle to the public and/or knowingly placed the dangerously

designed vehicle into the stream of commerce.

60.     Had GM provided a crashworthy vehicle, Sheree Hoskins would not have

sustained serious and severe injuries in this foreseeable accident sequence.

61.     As a direct and proximate result of GM's conduct, Sheree Hoskins sustained

serious and severe injuries.  Plaintiff has additionally suffered substantial damages for which

recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT II - NEGLIGENCE – GM

62.     Plaintiff incorporates by reference the allegations contained in the above

paragraphs as if set forth fully herein.

63.     At all times relevant to the Complaint, GM owed to the general public, including

the Plaintiff, a duty to design, manufacture and market only such vehicles as were not defective

and/or unreasonably dangerous to use.

64.     GM breached its duty to Plaintiff by designing, manufacturing and marketing the

Subject Vehicle in a defective and/or unreasonably dangerous condition, including but not limited

to installing, manufacturing, and designing the restraint system, including the driver's frontal air

10

bag system that was unable to perform properly and safely in a reasonably foreseeable collison.

65.     The Subject Vehicle was not materially altered prior to the accident.

66.     The Subject Vehicle was dangerously defective and unsafe for normal and foreseeable use by and in the presence of the public because of its unsafe design, defective manufacture and lack of an adequate restraint system, including the driver's frontal air bag system.

67.     GM failed to exercise reasonable care in the manufacture and design of the Subject Vehicle and it was a defective vehicle unreasonably dangerous to foreseeable users including Sheree Hoskins.

68.     GM knowingly failed to adequately inspect and/or test the Subject Vehicle before and during the design, manufacture and sale of the vehicle to the public and/or knowingly placed the dangerously designed vehicle in the stream of commerce.

69.     GM recklessly and/or knowingly failed to warn of the potential dangers posed to consumers and the public by the use of the Subject Vehicle.

70.     As a direct and proximate result of GM's conduct, Sheree Hoskins sustained serious and severe injuries. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT III - BREACH OF WARRANTY – GM

71.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

11

72.     GM is aware that all motor vehicles sold in the United States must comply with the National Traffic and Motor Vehicle Safety Act, 49 U.S.C.§30101 *et seq.* and the Federal Motor Vehicle Safety Standards issued pursuant to said Act. By selling its products, GM is required to and does represent that its vehicles comply with said Act and Safety Standards.

73.     GM is aware that consumers rely on its representations regarding vehicle safety when choosing to buy a GM vehicle.

74.     GM warranted, both expressly and impliedly, through its advertisements and sales representatives, that the Subject Vehicle was of merchantable quality, fit for the ordinary purpose for which it was distributed.

75.     Because of the defective and unreasonably dangerous restraint system, including the lack of a properly functioning driver's frontal air bag, as more fully described above, the Subject Vehicle failed to prevent serious and severe injury to Sheree Hoskins during a reasonably foreseeable accident.

76.     The Subject Vehicle was neither of merchantable quality nor reasonably fit to be used for the purpose for which it was intended, including the reasonably foreseeable accident giving rise to this lawsuit.

77.     The defective and/or unreasonably dangerous condition of the Subject Vehicle constituted a breach of GM's express and implied warranties.

78.     As a direct and proximate result of GM's conduct, Sheree Hoskins sustained serious and severe injuries. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

12

## COUNT IV – FAILURE TO WARN

79.     Plaintiff incorporates by reference each of the above paragraphs as if fully set forth herein.

80.     As more fully described above, GM designed and/or manufactured a defective and unreasonably dangerous vehicle, namely, the 2008 Saturn Astra, including the Subject Vehicle.

81.     The Subject Vehicle was further rendered unreasonably dangerous because an adequate warning about the hazards associated with operating and/or using the vehicle with the defects described above was not provided to consumers, either at or after the time that the Subject Vehicle left GM's control.

82.     At the time the Subject Vehicle left the control of GM, GM knew or in light of reasonably available knowledge and testing should have known about the danger and risk of the design and/or manufacture of the 2008 Saturn Astra, including the Subject Vehicle.

83.     The Subject Vehicle possessed characteristics, as more fully described above, which caused damage to users and consumers of the vehicle, and GM failed to use reasonable care to provide an adequate warning of such characteristics and dangers to users of the vehicle, including Plaintiff.

84.     At the time of the accident that is the subject of this Complaint, the Subject Vehicle was dangerous to an extent beyond that which would be contemplated by the ordinary consumer of the product, with the ordinary knowledge common to the community as to the product's characteristics.

13

85. On December 16, 2017, a reasonably prudent manufacturer would not have marketed the Subject Vehicle if it had knowledge of the dangerous conditions found in the Subject Vehicle.

86. Users of the 2008 Saturn Astra, including the Subject Vehicle, such as Ms. Hoskins, did not know and should not have been expected to know of the characteristics of the 2008 Saturn Astra that had the potential to cause damage and of the danger of such characteristics.

87. As a direct and proximate result of the conduct, acts and omissions of GM, Sheree Hoskins suffered serious and severe injuries. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*

## DAMAGES

88. Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

89. As a direct and proximate result of Defendants' conduct, Sheree Hoskins sustained serious and severe injuries. Sheree Hoskins has suffered substantial damages for which recovery is provided pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*, including but not limited to damages for pain and suffering, loss of financial support, lost wages and has incurred medical expenses. Plaintiff therefore seeks a judgment against Defendant in an amount be determined by the jury.

14

90.     In addition, the Defendant GM's acts and omissions as set forth above demonstrate intentional, fraudulent, malicious recklessness or willful misconduct and/or an entire want of care so as to raise a presumption of conscious indifference to consequences and thus warrant the imposition of punitive damages in this case, in an amount to be set by the jury, to deter such conduct in the future, to punish GM to make a public example of them.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray for relief as to all Counts as follows:

1.     That a trial by jury be had on all issues.

2.     That Plaintiff have and recover a judgment for compensatory damages against GM.

3.     That Plaintiff have and recover a judgment for punitive damages against GM;

4.     That Plaintiff recover costs, including but not limited to court costs, of this cause and interest as allowed by law.

4.     That Plaintiff have and receive any other and further relief to which they may show themselves justly entitled.

15

Respectfully submitted,

Patrick M. Ardis (TN Bar # 8263)
Geoffrey Gaia (TN Bar #17364)
Danny Parish (TN Bar #27452)
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
Telephone (901) 763-3336
Facsimile (901) 763-3376
E-mail pardis@wolffardis.com
        ggaia@wolffardis.com

*Counsel for Plaintiff*

16

**CERTIFIED MAIL™**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

7006 3450 0000 2346 2149



POSTAGE
$ 07.83
First-Class
Mailed From 38134
12/20/2018
032A 0061853934

**WOLFF ARDIS, P.C.**
**5810 Shelby Oaks Drive**
**Memphis, TN 38134**

General Motors, LLC
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

O97D   Hoskins/GM